108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CITICORP NORTH AMERICA, INC., Plaintiff-Appellee,
v.
UNIVERSAL PRINTING EQUIPMENT CORPORATION; Bluco Financial
Corporation, Defendants-Appellants.
 No. 95-56298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1996.*
Decided Dec. 16, 1996.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Universal Printing Equipment Corporation and Bluco Financial Corporation, counterclaim plaintiffs, appeal the district court's ruling of summary judgment against them in the lawsuit arising out of disputes over the enforcement of their "purchase of paper agreement" with Citicorp North America, Inc. The agreement conferred on Citicorp a right of first refusal to acquire all of Universal's interest in Universal's leases of printing equipment to third parties. The district court granted summary judgment against Universal and Bluco on their federal counterclaims under the Lanham Act, 15 U.S.C. § 1125(a), and on their state law counterclaims of promissory fraud, unfair competition, and false advertising. We affirm.[1]
 
 A. Jurisdiction
 
 3
 As a threshold matter, Universal and Bluco argue that we lack subject matter jurisdiction because they did not allege the citizenship of the Citicorp affiliates. They claim that diversity of citizenship cannot be determined from the face of the complaint, and therefore that the case should be remanded to the district court to decide the jurisdiction issue. They further contend that the California citizenship of some of the Citicorp affiliates named in the complaint destroys diversity. We disagree.
 
 
 4
 We conclude that we have diversity jurisdiction because the Citicorp affiliates are not necessary to the litigation. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989) ("[C]ourts of appeals have the authority to dismiss a dispensable nondiverse party."); Fidelity & Casualty Co. v. Reserve Ins. Co., 596 F.2d 914, 918 (9th Cir.1979). The affiliates are dispensable parties because the claims at issue concern the behavior of Citicorp in 1989, before the affiliates were involved in Citicorp's relationship with Universal and Bluco. The original purchase agreement was not amended to include the affiliates as parties to the agreement until July 18, 1990. Indeed, the affiliates may never have been parties to this lawsuit, as Citicorp claims that the affiliates were not served. To the extent that the nondiverse Citicorp affiliates ever were parties to this action, we dismiss them as dispensable parties. Newman-Green, 490 U.S. at 837. Accordingly, we conclude that we have jurisdiction pursuant to § 1332.
 
 B. Promissory Fraud
 
 5
 Bluco and Universal's promissory fraud claim hinges on an argument that in 1989, they entered into an oral agreement with Citicorp. They contend that Citicorp agreed to be obligated to purchase the remaining leases at a fixed discount rate of 11.15% and to conduct a relaxed credit inquiry before assuming the leases. Because a 1990 Addendum to the original 1984 Purchase Agreement was an integrated agreement, the parol evidence rule bars Universal and Bluco from introducing evidence of the alleged 1989 oral agreement. Cal.Civ.Pro.Code § 1856 (barring evidence of prior oral agreement when "[t]erms set forth in a writing" are "intended by the parties as a final expression of their agreement"); Banco Do Brasil, S.A. v. Latian, 234 Cal.App.3d 973, 1001 (Cal.Ct.App.1991) (evidence of alleged prior oral agreement is inadmissible where integrated agreement exists unless alleged oral agreement helps clarify meaning of written agreement), cert. denied, 504 U.S. 986 (1992).
 
 
 6
 In determining whether an integrated agreement exists, California law directs courts to examine four questions:
 
 
 7
 (1) does the written agreement appear on its face to be complete ... (2) does the alleged oral agreement directly contradict the written instrument; (3) can it be said that the oral agreement might naturally have been made as a separate agreement ... (4) would evidence of the oral agreement be likely to mislead the trier of fact.
 
 
 8
 Banco Do Brasil, 234 Cal.App.3d at 1002-03. Asking each of these questions of the agreement in dispute, we conclude that the 1990 Addendum was an integrated agreement that was intended by the parties to be a final expression of their agreement.
 
 
 9
 First, the 1990 Addendum on its face purports to be a complete agreement. The Addendum, which requires Bluco to provide certificates of deposit as security for leases assumed by Universal, states that it is "attached to and made part of that certain Purchase of Paper Agreement dated December 21, 1984 (the 'Universal Agreement')." It further provides that "[a]ll transactions sold and/or assigned to Citicorp by BluCo shall be and hereby are subject to the terms and conditions of the Universal Agreement." Moreover, the Addendum specifically states that "[a]ll other terms and conditions of the Universal Agreement shall remain in full force and effect." We think that this is a clear indication of the parties' intent that the Addendum was to be an integrated agreement. See Banco do Brasil, 234 Cal.App.3d at 1001 (noting that the "crucial issue is whether the parties intended the written instrument to serve as the exclusive embodiment of their agreement" and that "[t]he instrument itself may help to resolve that issue") (internal quotation omitted).
 
 
 10
 Second, the alleged oral agreement directly contradicts the language of the Purchase Agreement, incorporated into the Addendum. Section 3.2 of the Purchase Agreement provides that "C.I.C. [Citicorp] may in its sole discretion, purchase such Paper, if any, as is acceptable to it. C.I.C. [Citicorp] is under no obligation to purchase any Paper offered by Seller." We do not see how the alleged oral agreement, which Universal and Bluco claim obligated Citicorp to assume the leases, can be harmonized with this provision of the written agreement. Nor can we construe section 3.4 of the Agreement, which provides that "Citicorp shall promptly conduct such credit investigation and analysis of the proposed transaction as it shall deem necessary" as anything but directly contradictory to the alleged oral promise by Citicorp to agree to relax its standards for credit review.
 
 
 11
 Third, as the alleged oral agreement concerned issues governed by the 1990 Addendum and 1984 Agreement, we cannot view it as a separate agreement.
 
 
 12
 Finally, evidence of the alleged oral agreement certainly would have confused a trier of fact because the alleged terms are directly at odds with the terms of the 1990 Addendum and 1984 Agreement. Accordingly, we hold that the district court was correct to conclude that the parol evidence rule bars consideration of the oral agreement.
 
 
 13
 The fact that Universal and Bluco attempt to introduce evidence of the oral agreement on a promissory fraud theory does not alter our conclusion. While it is true that "a recognized exception to the parol evidence rule permits evidence of fraud in order to nullify the main agreement," that rule does not apply "where promissory fraud is alleged, unless the false promise is independent of or consistent with the written instrument." Banco Do Brasil, 234 Cal.App.3d at 1008. As discussed above, the alleged oral agreement directly contradicts the terms of the 1991 Addendum and 1984 Agreement.
 
 
 14
 It is true that the original 1984 Agreement did not set forth specific discount rates for leases Citicorp might choose to assume. Instead, the parties agreed that the leases would be "discounted at such rates as are from time to time mutually acceptable to the parties hereto." As a consequence, to the extent that the alleged oral agreement contained terms for specific discount rates, the oral agreement would not appear to be inconsistent with the integrated agreement and arguably would not be barred by the parol evidence rule. However, Universal and Bluco's promissory fraud claim hinges on an argument that Citicorp orally promised to be obligated to assume remaining leases and to relax its credit review. Evidence of these alleged promises, which directly contradict the integrated agreement, clearly is barred by the parol evidence rule. We therefore agree with the district court that summary judgment was proper on the promissory fraud claim.
 
 C. State statutory claims
 
 15
 Universal and Bluco cannot succeed on their unfair competition claim under Cal.Bus. & Prof. Code § 17200 et seq. The statute prohibits unfair competition and defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 ... of the Business and Professions Code." Cal.Bus. & Prof. Code § 17200. This claim is without merit.
 
 
 16
 Evidence of the alleged oral agreement, the principal basis for this claim, is barred by the parol evidence rule. Furthermore, Universal and Bluco have not provided any doctrinal support for their argument that by requiring the certificates of deposit to be posted at Citicorp's bank, Citicorp engaged in an illegal "tying arrangement" that violated § 17200. Nor have they provided sufficient evidence of "theft" of their customers to withstand summary judgment.
 
 
 17
 Universal and Bluco's false advertising claim is equally meritless. The California statute prohibiting false advertising does not allow for recovery of damages by private individuals. Cal.Bus. & Prof. Code § 17535; Chern v. Bank of America, 15 Cal.3d 866, 875 (1976). "Private relief is limited to the filing of actions for an injunction." Chern, 15 Cal.3d at 875.
 
 D. Conclusion
 
 18
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Universal and Bluco do not appeal the district court's dismissal of their Lanham Act claim